Jonathan Schwalb, Esq.
Friedman Vartolo LLP
85 Broad Street, Suite 501
New York, New York 10004
Attorneys for SN Servicing Corporation as Servicer for US
Bank Trust National Association, as Trustee of the Igloo
Series IV Trust
P: (212) 471-5100
Bankruptcy@FriedmanVartolo.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------X
                                    :
                                    :   CASE NO.: 19-12745
IN RE:                              :
                                    :   CHAPTER: 13
Ghulam Rasool                       :
                                    :   HON. JUDGE.:
Debtors                             :   Vincent F. Papalia
                                    :
                                    :   HEARING DATE:
                                    :   October 17, 2019 at 10:00 AM
                                    :
                                    :
------------------------------------------------------------------X

**<u>LIMITED OPPOSITION TO DEBTOR'S MOTION TO SELL REAL PROPERTY</u>**

    Jonathan Schwalb, an attorney admitted to practice before the United States Bankruptcy Court for the District of New Jersey, hereby affirms the following to be true under the penalty of perjury:

    1. SN Servicing Corporation as Servicer for US Bank Trust National Association, as Trustee of the Igloo Series IV Trust (hereinafter "SN Servicing Corporation"), by and through its attorneys, Friedman Vartolo LLP, submits this affirmation in response to the motion of Ghulam Rasool (hereinafter "Debtor"), dated October 7, 2019, seeking to sell the real property located at 62 Chesapeake Avenue, Lake Hiawatha, NJ 07034 (hereinafter "Property").

    2. The Debtor filed a Chapter 13 Bankruptcy Petition on February 8, 2019.

3. SN Servicing Corporation is a secured creditor and lien holder of the Debtor. This debt is evidenced by a Proof of Claim, filed on the Court's Claim Register as claim number ClaimNumber (hereinafter "Proof of Claim") which detailed a total debt at the time of filing in the amount of $186,787.37.

4. The Debtor's Motion now seeks court approval to sell the Property for the sum of $250,000.00.

5. The Motion relies on the Proof of Claim total debt of $186,787.37 as the amount owed to SN Servicing Corporation. This does not accurately reflect the current payoff figure and should not be relied upon at closing.

6. SN Servicing Corporation does not object to the sale of the Property, however SN Servicing Corporation submits this limited response seeking assurance that any Order granting the Motion includes a provision which states that SN Servicing Corporation will be paid in full on the closing date from a payoff which will be provided at closing.

7. SN Servicing Corporation also requests that adequate protection payments be made pending the closing.

8. SN Servicing Corporation also requests that any Order granting the Motion confirm that SN Servicing Corporation's Proof of Claim will no longer receive any payments from the Chapter 13 Trustee under the Chapter 13 Plan as the loan will be paid in full at closing.

**WHEREFORE**, SN Servicing Corporation respectfully requests that the Debtor's Motion be granted to the extent outlined above and for all other and further relief as is just and proper.

Dated: New York, NY
October 16, 2019

By: /s/ Jonathan Schwalb
Jonathan Schwalb, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for SN Servicing Corporation as Servicer
for US Bank Trust National Association, as Trustee
of the Igloo Series IV Trust
85 Broad Street, Suite 501
New York, New York 10004
T: (212) 471-5100
F: (212) 471-5150

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Jonathan Schwalb, Esq.
Friedman Vartolo LLP
85 Broad Street, Suite 501
New York, New York 10004
P: (212) 471-5100
Attorneys for SN Servicing Corporation as Servicer for US Bank Trust National Association, as Trustee of the Igloo Series IV Trust

In Re:

Ghulam Rasool

Case No.: 19-12745
Chapter: 13
Adv. No.:
Hearing Date: October 17, 2019 at 10:00 AM
Judge: Vincent F. Papalia

## CERTIFICATION OF SERVICE

1. I, Theodore Weber:

   ☐ represent _____ in this matter.

   ☒ am the secretary/paralegal for Jonathan Schwalb, Esq., who represents SN Servicing Corporation in this matter.

   ☐ am the _____ in this case and am representing myself.

2. On October 16, 2019, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below.
   - Limited Opposition to Debtor's Motion to Sell Real Property

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date: October 16, 2019

/s/ Theodore Weber
Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Ghulam Rasool<br>62 Chesapeake Avenue<br>Lake Hiawatha, NJ 07034 | Debtor(s) | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Bruce H Levitt<br>Levitt & Slafkes, P.C.<br>515 Valley Street, Suite 140<br>Maplewood, NJ 07040 | Debtor(s) Attorney | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☒ Other  NEF<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Marie-Ann Greenberg<br>Chapter 13 Standing Trustee<br>30 Two Bridges Rd<br>Suite 330<br>Fairfield, NJ 07004 | Trustee | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☒ Other  NEF<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| U.S. Trustee<br>US Dept of Justice<br>Office of the US Trustee<br>One Newark Center Ste 2100<br>Newark, NJ 07102 | U.S. Trustee | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☒ Other  NEF<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Bernard J Schulte<br>79 Old Cherry Hill Road<br>Parsipanny, NJ 07054 | Debtor(s) Attorney | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☒ Other  NEF<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |

2